UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACOB SCHWIMMER and CHAYA SCHWIMMER,<br><br>          Plaintiff,<br><br>-against-<br><br>SILLS CUMMIS & GROSS P.C. and JOSHUA N. HOWLEY,<br><br>          Defendants. | Civil Action No. _____<br><br>State Court Index No. 162158/2023<br><br>**NOTICE OF REMOVAL** |

TO: THE UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK

ON NOTICE TO:

 Levi Huebner, Esq.
 Levi Huebner & Associates PC
 488 Empire Blvd, Suite 100
 Brooklyn, NY 11225
 newyorklawyer@msn.com
 (212) 354-5555
 *Attorney for Plaintiff*

**PLEASE TAKE NOTICE** that defendants, Sills Cummis & Gross P.C. and Joshua N. Howley ("Defendants"), by and through their attorneys, Sills Cummis & Gross P.C., hereby remove this civil action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441, and 1446(a), because the district courts have federal question jurisdiction over claims arising under the Fair Debt Collection Practices Act ("FDCPA"), and may exercise supplemental jurisdiction over the related state law claim.

## OVERVIEW

1. Defendant Sills Cummis & Gross, P.C. ("Sills Cummis") is a law firm; Defendant Joshua N. Howley ("Howley") is one of its members.

2. This action involves two claims, arising out of a common nucleus of operative facts, alleging that Defendants violated provisions of the FDCPA and slandered Plaintiff's title in violation of New York State common law, by its filing of a foreclosure complaint and Notice of Pendency in a separate state court proceeding.

3. Plaintiff purportedly commenced this action on December 13, 2023 by filing a Summons with Notice in the Supreme Court of the State of New York, County of New York, captioned *Jacob Schwimmer and Chaya Schwimmer v. Sills Cummis & Gross P.C. and Joshua N. Howley*, under Index No. 162158/2023 (the "State Court Action").[1] A true and correct copy of the Summons with Notice is attached hereto as Exhibit A.[2]

4. Howley was purportedly served with the Summons with Notice on April 10, 2024. The process server purportedly delivered the Summons with Notice to a person of suitable age and discretion at Howley's residence. However, under CPLR 308(2), service is not complete until Plaintiff mails the Summons with Notice to Howley at his place of abode or business and files proof of service. Plaintiff has not filed proof of service on Howley as of the date of this notice.

5. Sills Cummis was purportedly served with the Summons with Notice on April 11, 2024. The process server purportedly delivered the Summons with Notice to a Sills Cummis receptionist. Plaintiff has not filed proof of service on Sills Cummis as of the date of this notice.

---

[1] Plaintiff's Summons with Notice was initially rejected by the state court. Plaintiff filed a Corrected Summons with Notice on December 18, 2023.

[2] Plaintiff's counsel filed nineteen (19) identical lawsuits against Defendants on behalf of other Plaintiffs named in the Foreclosure Complaint. Simultaneous with this Notice of Removal, Defendants are removing those actions to this Court and will be moving to consolidate them before the same judge. Plaintiff's counsel also filed another nine (9) actions against Sills Cummis and Howley containing only a state common law claim, so those actions are not being removed.

6. No further proceedings have occurred in the Supreme Court Action. A true and correct copy of the State Court Action docket sheet is attached hereto as Exhibit B.

### THIS CASE IS REMOVABLE UNDER FEDERAL QUESTION JURISDICTION

7. This action is removable under 28 U.S.C. § 1441(a) because this Court would have original jurisdiction under 28 U.S.C. §1331 had Plaintiff filed this action initially in federal court.

8. Pursuant to Section 1331, "[d]istrict courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." An action under the FDCPA arises under the laws of the United States. *See generally* 15 U.S.C. § 1692 *et seq*. Here, Plaintiff has asserted a claim under the FDCPA against Defendants.

9. The Summons with Notice states that "Plaintiff is a consumer within the meaning of 15 USCA § 1692a[3] in that the Defendants sought to hassle Plaintiff to pay a false debt, involving Plaintiff's summer home. Defendant are [sic] debt collectors within the meaning of 15 USCA § 1692a(6) in that they regularly collect debt on behalf of third parties, including by collecting debt on promissory notes." The Summons with Notice alleges that Defendants violated the FDCPA, and Plaintiff seeks damages pursuant thereto. Exhibit A at 2.

10. Accordingly, federal question jurisdiction over Plaintiff's FDCPA claim is apparent from the face of the Summons with Notice, and this Court has subject matter jurisdiction over this action.

### THIS COURT MAY EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIM

11. 28 U.S.C. § 1367 states that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims

that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

12.   Here, Plaintiff alleges that because statements made in a separate state court proceeding was "willfully false" as to Plaintiff, that filing gave rise to a claim under the FDCPA and a claim for slander of title under New York State common law. Plaintiff's state law claim arises out of a common nucleus of operative facts as its FDCPA claim, does not raise any novel or complex issue of state law, and does not substantially predominate over the FDCPA claim.

13.   Accordingly, because the Court has original jurisdiction over Plaintiff's FDCPA claim, it may exercise supplemental jurisdiction over Plaintiff's state law claim.

## SERVICE OF COMPLAINT AND TIMELINESS OF REMOVAL

14.   Defendant Howley was purportedly served on April 10, 2024 with the Summons with Notice. The process server purportedly delivered the Summons with Notice to a person of suitable age and discretion at Howley's residence. However, under CPLR 308(2), service is not complete until Plaintiff mails the Summons with Notice to Howley at his place of abode or business and files proof of service. Howley reserves his right to move to dismiss the proceeding based on lack of personal jurisdiction, but out of an abundance of caution, agrees to removal of this action.

15.   Defendant Sills Cummis was purportedly served on April 11, 2024 with the Summons with Notice. The process server purportedly delivered the Summons with Notice to a Sills Cummis receptionist. Sills Cummis reserves its right to move to dismiss the proceeding based on lack of personal jurisdiction, but out of an abundance of caution, agrees to removal of this action

16. This Notice of Removal is being filed within 30 days of the purported service of the Summons with Notice on Howley on April 11, 2024, the last served Defendant in the State Court Action. Thus, Removal is timely under 28 U.S.C. § 1446(b)(1).

## VENUE OF REMOVED ACTION

17. The United States District Court for the Southern District of New York is the United States District Court embracing the New York Supreme Court, New York County, where this action was filed and is pending. Therefore, venue is proper in the United States District Court for the Southern District of New York under 28 U.S.C. § 1441(a).

## CONSENT AND NOTICE TO THE STATE COURT

18. As shown herein, all Defendants join in this Notice of Removal, as required under 28 U.S.C. 1446(b)(2)(A).

19. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being contemporaneously served on counsel for Plaintiff and filed with the Supreme Court of the State of New York, County of New York, where this case was originally filed and is currently pending.

**WHEREFORE**, Defendants Sills Cummis & Gross P.C. and Joshua N. Howley, pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441, and 1446(a), hereby remove the State Court Action in its entirety to this Court.

Dated: New York, New York                **SILLS CUMMIS & GROSS P.C.**
      May 2, 2024

                                              */s/ Randy Moonan*
                                       Mitchell D. Haddad, Esq.
                                       Randy Moonan, Esq.
                                       101 Park Avenue, 28th Floor
                                       New York, NY 10178
                                       Telephone: (973) 643-7000
                                       Facsimile: (973) 643-6500
                                       mhaddad@sillscummis.com
                                       rmoonan@sillscummis.com

                                       *Attorneys for Defendants*
                                       *Sills Cummis & Gross P.C. and Joshua N. Howley*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2024, I caused a copy of Defendants Sills Cummis & Gross P.C. and Joshua N. Howley's Notice of Removal to be served upon Plaintiff's counsel of record by electronic filing, pursuant to Fed. R. Civ. P. 5(b), by email, and Fed-Ex overnight delivery on the following party:

> Levi Huebner, Esq.
> Levi Huebner & Associates PC
> 488 Empire Blvd, Suite 100
> Brooklyn, NY 11225
> newyorklawyer@msn.com
> (212) 354-5555
> Attorney for Plaintiff

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false I am subject to punishment.

Dated: May 2, 2024

                                                    */s/ Randy Moonan*
                                                    RANDY MOONAN